SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Telephone: (949) 263-8757
Facsimile: (949) 308-7373
jscheer@scheerlawgroup.com

Attorneys for Defendant
Green Lotus Group, LLC

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Foothill and Towne LLC,<br><br>Debtor. | Bk. No.: 8:25-bk-10136-SC<br><br>Adv. No.: 8:26-ap-01026-SC<br><br>Chapter 7<br><br>**DEFENDANT GREEN LOTUS GROUP, LLC'S ANSWER TO COMPLAINT FOR:** |
| Karen Sue Naylor, *Chapter 7 Trustee*,<br><br>        Plaintiff,<br><br>    vs.<br><br>Green Lotus Group, LLC,<br><br>        Defendant. | **(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 548 (a)(1)(B);**<br>**(2) RECOVERY OF AND PRESERVATION OF AVOIDED TRANSFER [11 U.S.C. §§ 550 and 551];**<br>**(3) QUIET TITLE;**<br>**(4) SLANDER OF TITLE;**<br>**(5) DISALLOWANCE OF CLAIM [11 U.S.C. § 502(d)]**<br>**(6) DISALLOWANCE OF CLAIM [11 U.S.C. § 502(a)]**<br><br> Judge: Honorable Scott C. Clarkson<br><br>*Status Conference*<br>Date: June 2, 2026<br>Time: 1:30 PM<br>Place: US Bankruptcy Court<br>411 W Fourth St. Santa Ana, CA 92701<br>Courtroom 5C |

    Defendant Green Lotus Group, LLC ("**Defendant**") answers Plaintiff Karen Sue Naylor, Chapter 7 Trustee's ("**Plaintiff**") Complaint ("**Complaint**") as follows:

1

## ANSWER

### STATEMENT OF JURISDICTION AND VENUE

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant provides that it does consent to entry of a final order or judgment in this proceeding.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

5. Defendant admits the allegation set forth in paragraph 5.

### PARTIES TO THE ACTION

6. Defendant admits the allegation set forth in paragraph 6.

7. Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 7.  To the extent that an answer is required Defendant admits that it is a California limited liability with its primary office in Fountain Valley, California.

### STATEMENT OF STANDING

8. Paragraph 8 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

### GENERAL ALLEGATIONS

9. Defendant admits the allegation set forth in paragraph 9.

10. Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 10.  To the extent that an answer is required, Defendant admits that the State Court Litigation was pending on June 18, 2024.

11.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 11 and therefore denies each and every allegation set forth therein.

12.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 12.  To the extent that an answer is required, Defendant admits that the claim was scheduled by Debtor as alleged.

13.     Defendant admits the allegations in paragraph 13.

14.     Defendant admits the allegations in paragraph 14.

15.     Defendant admits the allegations in paragraph 15.

16.     Defendant admits the allegations in paragraph 16.

17.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 17.  To the extent that an answer is required, Defendant admits to filing a proof of claim on June 5, 2026 and denies each and every other allegation set forth therein.

18.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 18.   To the extent that an answer is required, Defendant admits that the Deed of Trust vest Defendant with a lien on the Pomona Property and denies each and every other allegation set forth therein.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant admits the allegations in paragraph 20.

21.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 21 and therefore denies each and every allegation set forth therein.

22.     Defendant admits the allegation in paragraph 22.

23.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 23 and therefore denies each and every allegation set forth therein.

3

24.     Paragraph 24 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies each and every allegation set forth therein.

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Constructive Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))**

25.     Defendant incorporates by reference its responses to the allegations set forth in Plaintiffs' Complaint as stated in paragraphs 1 through 24 as though fully set forth herein.

26.     Paragraph 26 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

27.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 27 and therefore denies each and every allegation set forth therein.

28.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 28 and therefore denies each and every allegation set forth therein.

29.     Paragraph 29 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

30.     Paragraph 30 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

31.     Paragraph 31 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

**SECOND CLAIM FOR RELIEF**

**(To Recover Avoided Transfer from Defendant for the Benefit of the Estate**

**Pursuant to 11 U.S.C. Section 550)**

32.     Defendant incorporates by reference its responses to the allegations set forth in Plaintiffs' Complaint as stated in paragraphs 1 through 31 as though fully set forth herein.

33.     Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 33 and therefore denies each and every allegation set forth therein.

4

34.    Paragraph 34 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

35.    Paragraph 35 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

## THIRD CLAIM FOR RELIEF

## [For Quiet Title]

36.    Defendant incorporates by reference its responses to the allegations set forth in Plaintiffs' Complaint as stated in paragraphs 1 through 35 as though fully set forth herein.

37.    Paragraph 37 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

## FOURTH CLAIM FOR RELIEF

## [For Slander of Title]

38.    Defendant incorporates by reference its responses to the allegations set forth in Plaintiffs' Complaint as stated in paragraphs 1 through 37 as though fully set forth herein.

39.    Paragraph 39 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies each and every allegation set forth therein.

40.    Defendant lacks sufficient knowledge in order to determine the truth or falsity of the statements contained in paragraph 40 and therefore denies each and every allegation set forth therein.

41.    Paragraph 41 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

## FIFTH CLAIM FOR RELIEF

## [For Disallowance of Claim– 11 U.S.C. § 502(d)]

42.    Defendant incorporates by reference its responses to the allegations set forth in Plaintiffs' Complaint as stated in paragraphs 1 through 41 as though fully set forth herein.

43.    Paragraph 43 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

5

44.     Paragraph 44 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

45.     Paragraph 45 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

## SIXTH CLAIM FOR RELIEF

[For Disallowance of Claim – 11 U.S.C. § 502(a)]

46.     Defendant incorporates by reference its responses to the allegations set forth in Plaintiffs' Complaint as stated in paragraphs 1 through 45 as though fully set forth herein.

47.     Defendant denies the allegations set forth in paragraph 47.

48.     Paragraph 48 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

49.     Paragraph 49 contains a legal conclusion to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Cause of Action)

As a separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that each cause of action in the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Statute of Limitations)

Plaintiff's claims are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

## (Laches)

Plaintiff's claims are barred by the doctrine of laches.

6

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff is estopped by reason of Plaintiff and/or Debtor's conduct from recovering on the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrines unclean hands, as Plaintiff and/or the Debtor accepted and retained the benefits of the transactions at issue.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Fraudulent Transfer)**

The Complaint, and each purported claim for relief contained therein, is barred in whole or in part by reason of the fact that the transactions pertaining to the Defendant were not fraudulent nor constructively fraudulent and were undertaken in good faith and with reasonable equivalent value given the alleged transfer. This fact bars any claim for relief against the Defendant respecting the matters that are the subject of the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Defendant Gave Reasonably Equivalent Value to the Debtor)**

Plaintiff is barred in whole or in part, including without limitation by 11 U.S.C. § 548 to the extent of value provided to the Debtor.

**EIGHTH AFFIRMATIVE DEFENSE**

**(11 USC § 548(c))**

Plaintiff's claims for relief are barred because Defendant is a good faith transferee who gave value in exchange for any transfer or obligation.  Defendant is entitled to retain its lien and/or a claim to the extent of the value given.

**NINTH AFFIRMATIVE DEFENSE**

**(11 USC § 550 Value)**

Plaintiff's claims for relief are barred because Defendant acted in good faith, and without knowledge of the alleged voidability of the transfer.

7

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Insolvency)

At all relevant times, the Debtor was solvent, had adequate capital, and was able to pay its debts as they became due.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Limitation on Action)

Plaintiff is not entitled to any relief against Defendant because any such relief is barred by the applicable provisions of 11 U.S.C. § 546.

## TWELFTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business)

Any funds received by Defendant were received in the ordinary course of business or financial affairs of the Debtor and the Debtor, under ordinary business terms, and therefore are not avoidable pursuant to 11 U.S.C. 547(c)(2).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Diminution of Estate)

The alleged transfer did not diminish the Debtor's estate or harm creditors because the Debtor received corresponding value and/or benefits in exchange for granting the deed of trust.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Integrated Enterprise Transaction)

The transactions alleged in the Complaint were part of a single, integrated financing arrangement involving related entities and parties operating as a unified enterprise. The benefits of the loan flowed to the enterprise as a whole, including the Debtor, and therefore the Debtor received reasonably equivalent value in connection with the granting of the deed of trust.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

Plaintiff's claims are barred by the doctrine of *in pari delicto*. The Debtor knowingly and voluntarily entered into and authorized the transaction at issue, including the granting of the deed of trust, and received the benefits thereof. To the extent any alleged wrongdoing occurred, the

Debtor was an active and equal participant, and Plaintiff cannot now seek to recover based on conduct in which the Debtor was equally at fault.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Actions)

The damages allegedly sustained by Plaintiff and/or Debtor giving rise to an alleged claim by this estate, if any, were the direct and proximate result of the intervening and superseding actions of third parties and not of the Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to do Equity)

The Complaint against Defendant is barred by Plaintiff's and/or Debtor's failure to do equity in the matters alleged in the Complaint.  Plaintiff and/or Debtor are responsible for any losses incurred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

Any funds received by Defendant are subject to setoff to deduct amounts to be paid from amounts which may be turned over.  Further, any right Defendant may have as to additional obligors or guarantors remains.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Limitation on Recovery)

Any recovery by Plaintiff must be limited to the extent permitted by 11 U.S.C. § 550(d), and Plaintiff is not entitled to a double recovery or amounts exceeding the value, if any, of the alleged avoidable transfer.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Indirect Benefit Doctrine)

The loan secured by the deed of trust conferred substantial economic benefits upon the Debtor, including but not limited to: preservation of business operations, enhancement of enterprise value, access to liquidity, avoidance of default, and/or other financial benefits arising from the Debtor's relationship with any other third parties.

9

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Limitation of Remedy to Lien Avoidance)

Any relief to which Plaintiff may be entitled is limited to the avoidance of the lien, and Plaintiff is not entitled to a monetary recovery exceeding the value of the Debtor's interest in the property, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Validity and Enforceability of Claim)

Defendant holds a valid and enforceable claim arising from the extension of credit and/or related obligations, and such claim is allowable under 11 U.S.C. § 502(a) and (b). The alleged avoidability of a lien or transfer does not, by itself, provide a basis for disallowance of an otherwise valid claim.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Failure to Surrender Property)

Defendant has not failed or refused to return any property subject to avoidance, and therefore § 502(d) does not apply.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Absence of Malice)

Defendant acted without malice and with a good faith belief in the validity of its lien and property interest. The absence of malice bars recovery for slander of title.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Assertion of Property Rights)

Defendant recorded and maintained the deed of trust as part of a good faith lending transaction, in reliance on the validity of the security interest and without knowledge of any alleged defect. Such conduct cannot support a slander of title claim.

//

//

//

//

10

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No False Statement or Publication)

Defendant did not publish any false statement regarding title to the property. The recording of the deed of trust accurately reflects Defendant's asserted interest and therefore cannot form the basis of a slander of title claim.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant alleges that it may have additional affirmative defenses available that are not now fully known. Defendant reserves the right to assert such additional affirmative defenses after they have been determined.

## PRAYER FOR RELIEF

WHEREFORE, Defendant pray for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. For attorney's fees and costs of suit; and

4. For such other and further relief as the Court deems just and proper.

SCHEER LAW GROUP, LLP

Dated: April 24, 2026
/s/ Joshua L. Scheer
#242722

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

85 Argonaut, Suite 202, Aliso Viejo, CA 92656

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT GREEN LOTUS GROUP LLC'S ANSWER TO COMPLAINT_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/24/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karen S Naylor (TR) alane@ringstadlaw.com
Nanette D Sanders, becky@ringstadlaw.com
Paul J. Sievers psievers@psieversapc.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) ___04/24/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor: Foothill and Towne, 104 Nest Pine, Irvine, CA 92602
Debtor's Attorney: Stephen R. Wade, 5150 E. Pacific Coast Hwy Ste 210, Long Beach, CA 90804
Plaintiff: Karen Sue Naylor, c/o Ringstad & Sanders LLP, 23101 Lake Center Dr. Suite 355 Lake Forest, CA 92630
Plaintiff's Attorney: Nanette D. Sanders, 23101 Lake Center Dr. Suite 355, Lake Forest, CA 92630
Plaintiff's Attorney: Paul J. Sievers, 2 Park Plaza Ste 850, Irvine, CA 92614
Judge: US Bankruptcy Court, Hon. Scott C. Clarkson, 411 W. Fourth Street, Suite 5130, Santa Ana, CA 92701

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/24/2026 | Garrett Kulik | /s/ Garrett Kulik |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**